**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

      v.                                              13-CR-08-A
                                                  **DECISION AND ORDER**

RANDALL LOSE,

            Defendants.
_____

Defendant Randall Lose has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of a recent Amendment to the U.S. Sentencing Guidelines, as well as his post-sentence conduct. For the reasons stated below, the motion is denied.

**DISCUSSION**

On March 14, 2014, the Court sentenced the Defendant to 240 months' imprisonment after he pled guilty to one count of violating 18 U.S.C. § 2251(a) (production of child pornography). At sentencing, the Court concluded that the Defendant's base offense level was 32 pursuant to U.S. Sentencing Guideline § 2G2.1(a); that the offense level should be increased by two levels pursuant to § 2G2.1(b)(1)(B) because the victim was at least 12 years old, but not yet 16 years old; that the offense level should be increased by four additional levels pursuant to § 2G2.1(b)(4) because the pornographic material at issue portrayed sadistic or masochistic conduct or other depictions of violence; that the offense level should be increased two more levels pursuant to § 2G2.1(b)(6)(B) because of the Defendant's use of a computer in committing the offense; that the offense level should be decreased three levels pursuant to § 3E1.1(a) and § 3E1.1(b) because the Defendant accepted

responsibility and pled guilty; and, finally, that the offense level should be increased five levels pursuant to § 4B1.5(b)(1) because the Defendant had engaged in "a pattern of activity involving prohibited sexual conduct."

The Court therefore concluded that the Defendant's adjusted offense level was 42. Combined with a criminal history category of I, the Defendant's Guideline imprisonment range was 360 months to life. As noted, however, the Court sentenced the Defendant to 240 months' imprisonment.

The Defendant has now filed a motion pursuant to 18 U.S.C. § 3852(c)(2) seeking a sentence reduction based on Amendment 801 to the U.S. Sentencing Guidelines. As is relevant to the Defendant's § 3582(c)(2) motion, Amendment 801 "addresses differences among the circuits involving application of the tiered distribution enhancements in [Guideline] § 2G2.2," which "provides for an increase for distribution of child pornographic material ranging from 2 to 7 levels depending on certain factors." U.S.S.G. Supp. to App'x C, Amend. 801, Reason for Amendment.

The Defendant is ineligible for a § 3582(c)(2) sentence reduction. As noted, the Defendant's Guideline calculation did not include an upward enhancement for distribution of child pornography. Section 3582(c)(2) allows a court to reduce a sentence only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). No part of the Defendant's sentence, however, has "subsequently been lowered" by Amendment 801. *See also Freeman v. United States*, 564 U.S. 522, 530 (2011) (noting that U.S.S.G. § 1B1.10(b)(1), which implements § 3582(c)(2), "seeks to isolate whatever marginal

effect the *since-rejected* Guideline had on the defendant's sentence") (emphasis added). The Defendant is therefore ineligible for a sentence reduction based on Amendment 801.

In addition to seeking a sentence reduction based on Amendment 801, the Defendant seeks a sentence reduction based on "his excellent post-incarceration record." Docket No. 42 at 10. The Defendant argues that "[a]dapting to prison life without disciplinary issues proves that [he] is an excellent candidate for alternative incarceration such as being placed on home detention in the full time custody of his parents with permission to travel to receive medical treatments." *Id.*

To the extent this motion based on § 3582(c)(2), it is denied. When a defendant is eligible for a § 3582(c)(2) sentence reduction, the Court "may consider post-sentencing conduct of the defendant . . . in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction." U.S.S.G. § 1B1.10, cmt. 1(B)(iii) (2016). But the Court may consider such conduct only when the defendant is otherwise eligible for a sentence reduction pursuant to § 3582(c)(2). As discussed above, the Defendant is not eligible for such relief.

To the extent the Defendant's motion is based on something other than § 3582(c)(2), it is denied because the Court lacks authority to grant such relief. Section 3582(c) states that "[t]he court may not modify a term of imprisonment once it has been imposed," except when one of several exceptions applies. However, none of those exceptions applies in this case. Likewise, the Court has no authority to place a prisoner on home confinement after imposing sentence. Such authority is instead committed to the Bureau of Prisons. *See* 18 U.S.C. § 3624(c)(2) (authorizing the Director of the

Bureau of Prisons "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months" when a prisoner is approaching the end of his sentence).  There is, therefore, no basis for the Court to grant the Defendant's request for a sentence modification or reduction based on his post-sentence conduct.

## CONCLUSION

For the reasons stated above, the Court denies the Defendant's motion for a sentence reduction (Docket No. 42).

**SO ORDERED.**


Dated: January 21, 2017                     ___*s/Richard J. Arcara*___
      Buffalo, New York                    HONORABLE RICHARD J. ARCARA
                                                  UNITED STATES DISTRICT JUDGE